**Mark E. Olmsted,** OSB No. 924156
mark@olmstedlaw.com
Mark E. Olmsted, PC
One S.W. Columbia Street, Suite 1110
Portland, OR 97258
Telephone: (503) 445-4453
Fax: (503) 227-7829

Counsel for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| Jeffrey Ross Gauthier, and Club Mystic, LLC, | Civil Action No. 3:15-cv-1130 |
| Plaintiffs, | SECOND AMENDED COMPLAINT FOR |
| v. | BREACH OF CONTRACT AND INSURANCE BAD FAITH -- |
| Catlin Specialty Insurance Company, | Demand for Jury Trial |
| Defendant. | |

**AMENDED COMPLAINT FOR BREACH OF CONTRACT AND BAD FAITH**

Plaintiffs allege as follows:

**NATURE OF THE ACTION**

1.      This is a civil claim against Defendant Catlin Specialty Insurance Company ("Catlin") for breach of insurance contract and bad faith for failure to defend Plaintiff Club Mystic, LLC ("Club Mystic") and failure to indemnify plaintiffs for injuries and damages resulting from an attack against Plaintiff Jeffrey Gauthier ("Gauthier") on August 11, 2012 on the Club Mystic premises.

/ / /

1 – Second Amended Complaint for Breach of Contract and Insurance Bad Faith

## PARTIES

2. Gauthier at all times material herein was and is a resident of Vancouver, Clark County, Washington.

3. Club Mystic at all times material herein was and is an Oregon Limited Liability Company operating a bar and restaurant known as Club Mystic in Portland, Multnomah County, Oregon.

4. Catlin is a domestic corporation, incorporated in Delaware and doing business as a liability insurer in Multnomah County, Oregon.

## JURISDICTION AND VENUE

5. This court has jurisdiction pursuant to 28 U.S.C. § 1332 based on diversity of citizenship of the parties. Plaintiffs are citizens of Washington and Oregon, respectively. Defendant, is a citizen of Delaware, and is not a citizen of Washington or Oregon because it is not incorporated or organized in Washington or Oregon and does not maintain its principal place of business in either Washington or Oregon. Plaintiffs seek money damages in excess of $75,000.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as Club Mystic resides within this District and a substantial part of the events giving rise to this Complaint occurred within this District.

## FACTUAL ALLEGATIONS

7. Catlin offered liability insurance in Oregon, including liquor liability coverage for licensed sellers of alcohol.

8. Club Mystic purchased from Catlin a policy of liability insurance. The insurance policy insured against liability for injuries caused by the negligence of Club Mystic and

2 – Second Amended Complaint for Breach of Contract and Insurance Bad Faith

contained a Liquor Liability Coverage Part purporting to provide coverage sufficient to comply with Oregon Revised Statute 471.168.

9. Catlin was aware that Oregon Revised Statute 471.168 required Club Mystic to purchase liquor liability insurance for the purpose of providing coverage for persons injured by the conduct of intoxicated patrons who were served alcoholic beverages on the licensed premises while visibly intoxicated.

10. Club Mystic paid all insurance premiums and satisfied all conditions required by Catlin under the insurance policy to secure liability coverage for injuries caused by the negligence of Club Mystic and/or injuries caused by patrons who were served alcohol while visibly intoxicated.

11. On or about August 11, 2012, while preparing to depart the parking lot on the premises of Club Mystic, Gauthier was severely injured in an attack initiated by several Club Mystic customers whose identity was never determined ("Unidentified Customers").

12. Gauthier filed a lawsuit for personal injuries against Club Mystic. In his lawsuit, Gauthier alleged that Club Mystic served alcohol to the Unidentified Customers. Gauthier alleged that such service was a substantial factor in causing the attack and his injuries. Gauthier further alleged that Club Mystic removed the Unidentified Customers from the bar for unruly and aggressive behavior, but negligently failed to remove them from the parking lot. Gauthier alleged that the failure to remove the Unidentified Customers from the parking lot was a substantial factor in causing the attack and injuries. Gauthier further alleged that Club Mystic negligently failed to warn patrons, including himself, about the unruly Unidentified Customers as he prepared to depart the premises. Gauthier alleged that Club Mystic's negligent failure to warn was a substantial factor in causing the attack and his injuries. Gauthier further alleged that Club

3 – Second Amended Complaint for Breach of Contract and Insurance Bad Faith

Mystic was negligent through an employee working in the capacity of a security guard or bouncer who observed the attack and failed to intervene or call the police or call for emergency assistance for several minutes during and after the attack. Gauthier alleged that the failure to intervene and assist during and after the attack was a substantial factor in causing his injuries and damages.  Gauthier further alleged that Club Mystic was negligent, through the security guard/bouncer, because instead of helping Gauthier, he negligently prevented non-employee bystanders from intervening on behalf of Gauthier.  Gauthier alleged that the preventing bystanders from intervening was a substantial factor in causing his injuries and damages. Gauthier further alleged that Club Mystic negligently failed to make the premises reasonably safe for plaintiff's visit and such negligence was a substantial factor in causing plaintiff's injuries and damages.

13.    Club Mystic, on multiple occasions, presented Gauthier's lawsuit to Catlin and requested that Catlin provide a legal defense and payment of any damages owed to Gauthier as result of the incident.

14.    Catlin refused to provide a defense of the Gauthier lawsuit and refused to cover any damages owed to Gauthier.

15.    Club Mystic, to limit its financial risk and to buy peace, entered into a conditional settlement agreement with Gauthier.  Under the settlement agreement, Gauthier agreed to accept judgment against Club Mystic for $563,146.48, plus costs and interest.  Gauthier also took an assignment of Club Mystic's rightful claim for insurance coverage and related damages against Catlin, but Gauthier agreed to enforce the judgment only to the extent of recovery under Club Mystic's rights for insurance benefits against Catlin.

## FIRST CLAIM FOR RELIEF

(Breach of Contract)

16. Catlin breached its contractual obligations under Club Mystic's insurance contract by failing to defend the Gauthier lawsuit and by failing to cover Gauthier's damages.

17. Plaintiffs are entitled to recover from Catlin $563,146.48, plus costs, interest and their attorney fees pursuant to ORS 742.061.

## SECOND CLAIM FOR RELIEF

(Breach of Implied Covenant of Good Faith and Fair Dealing)

18. Catlin, in bad faith and without reasonable investigation and despite accepting premium payments intended to provide liability coverage for negligence and to satisfy ORS 471.168, failed to defend Club Mystic and failed to cover Gauthier's damages from the incident.

19. Plaintiffs are entitled to recover from Catlin $563,146.48, plus costs, interest, and attorney fees pursuant to ORS 742.061.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray for judgment against defendant in the amount of $563,146.48, plus costs, interest, and attorney fees.

Dated: July 31, 2015                    Respectfully submitted,

                                                    MARK E. OLMSTED, PC
                                                    By:

/S/ Mark E. Olmsted

Mark E. Olmsted, OSB No. 924156
Telephone: (503) 445-4453
Of Counsel for Plaintiffs