**Mark E. Olmsted,** OSB No. 924156
Mark E. Olmsted, PC
One S.W. Columbia Street, Suite 1110
Portland, OR 97258
Telephone: (503) 445-4453
Fax: (503) 227-7829
E-mail: mark@olmstedlaw.com

**Grant A. Gehrmann**, OSB No. 926344
Law Office of Grant Gehrmann
203 S.E. Park Plaza Drive, Suite 215
Vancouver, WA 98684
Telephone: (360) 253-3667
Fax: (360) 253-3135
E-mail: grant@nwlawfirm.net

Counsel for Plaintiffs

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| Jeffrey Ross Gauthier, and Club Mystic, LLC, | Civil Action No. 3:15-cv-1130-SB |
| Plaintiffs, | PLAINTIFFS' REPLY TO DEFENDANT CATLIN INSURANCE COMPANY'S REPONSE TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT |
| Catlin Specialty Insurance Company, | |
| Defendant. | |

### REPLY:

Catlin had a duty to defend and indemnify Club Mystic against Gauthier's underlying lawsuit. Plaintiffs hereby incorporate in this Reply the points and authorities set out in their Response to Catlin Specialty Insurance Company's Motion for Summary

Judgment and Plaintiffs' Motion for Summary Judgment.  In addition, Plaintiffs ask the court to consider the following points and authorities.

1. <u>Statutory Incorporation Invalidates the Assault and Battery Exclusion:</u>

Catlin argues that the doctrine of Statutory Incorporation should not be applied to excise the assault and battery exclusion form the insurance policy because ORS 471.168 is not a financial responsibility law subject to the insurance code.  However ORS 471.168 by its own terms is intended to provide liability insurance for patrons of liquor licensees injured as a result of the service of alcohol.  Any insurer who offers liquor liability coverage in Oregon is certainly on notice of the statutory requirement.  However, the doctrine of Statutory Incorporation is focused on the insured party's purpose in procuring the insurance, not on whether the insurance requirement is one imposed by the insurance code.  "In a number of circumstances the requirements of statutes and ordinances have been deemed covered by insurance policies that were procured for the purpose of complying with those requirements, adding to or displacing contrary provisions of the policy itself." *Rhone v. Louis,* 282 Or 693, 695-6, 580 P.2d 549 (1978).  In *Rhone*, the requirement that rental car companies provide liability insurance was imposed by a local ordinance.  The ordinance bound rental car companies, not insurers and was not part of the insurance code.  Still, because the insured procured the insurance to comply with that ordinance, statutory incorporation excised that portion of the policy which was in conflict with the ordinance.

The *Rhone* opinion cites *NW Amusement Co. v. Aetna Casualty & Surety Co.*, 165 OR 284, 107 P.2d 110 (1940).  In *NW Amusement*, the court considered an insurance claim for stolen slot machines in light of a city ordinance making possession of slot machines illegal in the first place.  The court noted that the parties to an insurance contract are presumed to

have knowledge of valid local laws "and they become an integral part of the policies. . ." *Id*, at 288 (*Citing* Couch's Cyclopedia of Insurance Law, p. 296 section 149). In *NW Amusement*, the insurer benefited from the doctrine of Statutory Incorporation because the court held the policy was invalid as applied to the insured's slot machines rendered illegal by the ordinance. In the present case, ORS 471.168 requires liability coverage for injuries caused by service of alcohol by liquor licensees and does not authorize an exclusion for assault and battery.  ORS 471.168 by law become an integral part of Catlin's insurance policy.  As such, the assault and battery exclusion is not a valid part of the policy issued by Catlin.

    2. <u>Gauthier Alleged Covered Conduct Despite the Assault and Battery Exclusion.</u>

Catlin also argues, by reference to its Response to Plaintiff's Motion for Summary Judgment, that Gautier's lawsuit against Club Mystic did not allege conduct which could be covered in light of the assault and battery exclusion.  Oregon law recognizes that exclusions for assault and battery do not preclude coverage for physical violence where voluntary intoxication prevents the attacker from forming the intent to cause injury.  *See,* **Hunter v. Farmers Ins. Co.,** 135 Or. App. 125, 898 P.2d 201, 207 (1995) (affirming that a drunk bar patron was reasonably found not to have intended injury from punching someone).  As Plaintiffs point out in their Response to Catlin's Motion for Summary Judgment, Gauthier alleged that Club Mystic served the assailants alcohol and that such service was a substantial factor in causing the attack.  Catlin may contend that this allegation is ambiguous as to the intoxication and intent of the attackers, but Catlin cannot refute that an ambiguity in the pleading as to whether conduct could be covered must be resolved in favor of the insured. *Ledford v. Gutoski,* 319 Or 397, 400, 877 P2d 80 (1994).  The Court of Appeals recently acknowledged that even in the absence of a specific factual allegation sufficient to implicate an

exclusion, the court must resolve the pleading ambiguity in favor of the insured and the duty to defend. *Leach v. Scottsdale Indemnity Company*, 261 Or App 234, 323 P.3d 337 (2014). *Leach* was a coverage case regarding liability insurance for an injury on a motocross track where the policy excluded coverage for bodily injury while practicing for an athletic event that the insured sponsored. The allegation in the complaint was that the injured party was "engaging in a practice motocross run at the motocross course." The court held that the allegation was ambiguous because it did not state one way or another that the purpose of the practice was to prepare for a contest sponsored by the insured. *Id.* The allegation in Leach did not clarify the purpose of the conduct alleged, and because the possibility remained that a jury could make a finding of covered conduct, the ambiguity had to be resolved in favor of a duty to defend. In the present case, Plaintiffs alleged that the attackers were served alcohol and that the service caused the attack. Under this allegation, plaintiffs were entitled to offer evidence, and a jury could find that voluntary intoxication prevented the attackers from forming the intent to cause injury to Gauthier. Catlin had a duty to defend even if the assault and battery exclusion was valid.

    3. <u>Catlin Has a Duty to Indemnify</u>.

Catlin contends that even if it had a duty to defend, issues of fact remain as to whether it has a duty to indemnify. Catlin relies on the modified opinion of the Court of Appeals in *NW Pump & Equip. Co. v. Am. States Ins. Co.*, 144 Or. App 222, 925 P. 2d 1241 (1996) (*NW Pump II*). Catlin's position is only correct to the extent that the assault and battery exclusion is valid and applicable to limit coverage.[1] *NW Pump II* clarified that where there was a duty to defend, but an exclusion is asserted to avoid indemnity, the finding of a duty to defend does not necessarily establish a duty to

---

[1] Plaintiffs acknowledge the holding of the majority in *NW Pump II*, but reserve the right to argue that Oregon law should be clarified by the Oregon Supreme Court, to the extent applicable to this case, in accord with the dissent in *NW Pump II*.

indemnify. However, where an insurer has breached the duty to defend, and the underlying claim is in fact covered, absent an applicable exclusion, the duty to indemnify is established. *NW Pump*, 144 Or. App at 227. As Plaintiffs have pointed out, the assault and battery exclusion in the Catlin policy is invalidated by Statutory Incorporation of ORS 471.168. However, even if the exclusion is valid, the allegations of pre and post-attack negligence on the part of Club Mystic are not subject to the exclusion. *See,* Plaintiffs' Motion for Summary Judgment, p.10-11. The liquor liability policy issued to Club Mystic by Catlin provided coverage for:

> "[s]ums that the insured becomes legally obligated to pay as damages because of "injury" to which this insurance applies if liability for such "injury" is imposed on the insured by reason of the selling, serving or furnishing of any alcoholic beverage." Kralik Dec, Ex. A. p.45.

Catlin's only remaining asserted basis for denying coverage is the assault and battery exclusion.[2] Because that exclusion is not valid the injury was covered and the duty to indemnify is established. Alternatively, the exclusion is not applicable to the allegations of pre-accident and post-accident negligence and so the duty to indemnify is likewise established.

4. <u>Catlin Presents No Evidence that the Underlying Settlement is Unreasonable</u>:

Plaintiffs presented admissible evidence that Gauthier sustained serious, objective and to some degree permanent injuries in the attack. Plaintiffs submitted admissible evidence that Club Mystic could not afford to defend the case through trial, regardless of any potential defenses. These facts are not expert opinions. Catlin requests time to depose Plaintiffs' declarant, Attorney Christopher Carson, apparently hoping to impeach his opinion that the amount of the settlement was within the range of a possible jury verdict. The general nature and extent of the injuries are

---

[2] Catlin withdrew the *Stubblefield* defense.

not legal opinions. The fact that Club Mystic could not afford to defend the case is not an expert opinion. These facts alone are sufficient to find that the settlement was reasonable. Notwithstanding the aspersions Catlin casts at the terms and circumstances of the settlement, to avoid summary judgment Catlin must come forward with evidence of a material fact for trial. *Celotex Corp. v. Catrett* 477, U.S. 317, 322-24, 106 S. Ct. 2548 (1986). Catlin has not done so. Catlin offers no declaration that the injuries alleged in the complaint and evidenced in the medical records could not result in a jury verdict in the amount of the settlement. Catlin offers no declaration that a reasonable insurer would evaluate the injuries at a lesser amount than the settlement. Catlin offers no declaration that to refute that defense expense can be an impossible burden on a small business like Club Mystic. Without any facts to controvert Plaintiffs' evidence that the settlement is reasonable, the court should find that the settlement was reasonable.

      For the reasons stated herein, and in Plaintiffs' Motion for Summary Judgment, Plaintiffs are entitled to summary judgment as there are no genuine issues of material fact for trial.

Dated: January 4, 2015

Respectfully submitted,

MARK E. OLMSTED, PC
By:

/S/ Mark E. Olmsted
_____
Mark E. Olmsted, OSB No. 924156
Telephone: (503) 445-4453